Judge Green.
The act of 1819, 1 Rev, Code, p. 502, relating to the proceedings in civil cases, provides, that special bail shall he discharged by the surrender of the principal, in Court, or to the Sheriff, at any time before the appearance-day of the first scire facias re- ' turned “executed,” or of the second returned “nihil.” The laws in force before this statute took effect, prescribed, that the appearance-day should, in all cases, be the day after the Court to which the process was returnable, and that was also the rule-day. The statute of 1819 does not, in terms, appoint any appearance-day ; but, it may be inferred from various provisions of the statute, and indeed results from the terms of the writ, in the absence of any *3 express provision on the subject, that the appearance-day is the return-day of the writ, if, according to law, an appearance can then be .entered ; or if not, then the first day thereafter on which an appearance can be entered. Thus, when the writ is returnable to the rules, the return-day is the appearance-day, as an appearance can he then entered at the rules. If the writ be returnable to the first day of the Court, and the same day bo the rule-day, it is also the appearance-day ; since an appearance may then be entered at the rules. But, if it be not also rule-day, then the next rule-day succeeding, is the appearance-day ; for, that is the .earliest day at which an appearance can be entered, and a rule given or received by the defendant. If, therefore, the scire facias in the case under consideration was, as is contended by the appellant’s counsel, returnable to the first day of the Court, it would follow, that the surrender of the principal by the bail in this case, was not within the time prescribed by the act; and, consequently, the order exonerating the bail, erroneous. These are my impressions. But I give no decisive opinion on these points, as they are not involved in this cas.e.
The act of 181,9 required, that the forms of writs should be assimilated as nearly as may be, to the forms theretofore ■used in the General Court. The writs used m the General Court, were uniformly returnable in terms, “to the first day of the June Court, or November Court next,” as the case might be, without specifying the time when the Court would sit, which would have been entirely superfluous. When a writ issued in a Superior Court, returnable to the first day of the next Court, there was no necessity for departing, in any degree, from the terms of the writ used in the General Court. But, if it were returnable to a rule-day, it was necessary to vary the terms of the writ, so as to make it returnable to a certain day specified to be the rule-day. This is the form of the scire facias in question, It is made returnable to “the first Monday in May, that being the rule-day,” and it is not stated that the first Monday in *4 May was the first clay of the Court. The requisition to appear kefore the Judge is,- I presume, common to writs returnable to the first day of the Court, and to the rule-day. In the latter case, there is no occasion to drop this mandate from the form of writs used in the General Court. By law, the Superior Court of Cumberland is to be holden on the first Monday after the fourth Monday in April and September. If the Clerk, in adopting a form for writs returnable to the first day of the next Court, had thought it necessary to specify the time at which the Court was to be holden, he would, of course, adopt some expression which would have been always correct, and probably have followed the terms of the law prescribing the time for holding the Court, and varied it only from necessity. As, if a writ were issued in April, he would have inserted “this month,” instead of “April next.” He could not, with propriety, have made writs intended to be returnable to the first day of the Court, returnable to the first Monday in May and October, uniformly ; for, the Court must frequently sit on the last Monday in April and September. But writs intended to be returnable to the rule-day, might be returnable to the first Monday in May, as that was always a rule-day. I have no doubt, that the Judge examined the forms of writs used in that Court, and ascertained that the scire facias in question, was intended to be returnable, and was in fact returnable, to the rule-day, and not to the Court. The act of 1819, before cited, directs that all process shall be returnable either to the first day of the next Court, or to some previous rule-day. The process in this case was not returnable either to the Coúrt, or to a previous rule-day ; the rule-day to which it was returnable, and the first day of the Court, being the same. The consequence is, that the scire facias was merely void. Process made returnable to a day which is not a legal return-day, is void; 2 Black. Rep. 846; and a scire facias cannot be amended; Strange, 411; although a fieri facias may be amended in the teste or return; Tidd’s Practice, 391. The sur *5 render, therefore, in this case, was in good time, and the order discliai’ging the bail, propel-. The error in giving a judgment against the defendant for the costs of the scire facias, was beneficial to the plaintiffs, and they cannot complain of it. The appellee does not complain. I think the judgment should be affirmed.
Judges Co alter and Brooke concurred ; and the judgment was accordingly affirmed. *

 Judge Cabell absent, from indisposition,,